IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY RED and SUSAN WEISS on behalf of her minor child ALISON JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>MERCED COUNTY, et al.,<br><br>Defendants._____/ | CASE NO.  1:06-cv-1003 AWI GSA<br><br>ORDER REGARDING PETITION FOR MINOR'S COMPROMISE____<br><br>ORDER APPOINTING GUARDIAN AD LITEM |

Plaintiff Alison Johnson is a minor in this action ("minor").  On March 3, 2008, a settlement conference was held and the case settled.  At the settlement conference, the parties verbally consented to Magistrate Judge jurisdiction.  The parties were directed to file their written consents by March 21, 2008.  On March 7, 2008, Defendants submitted the necessary consent forms.  To date, Plaintiff has not filed a written consent.  Accordingly, Plaintiff shall file the signed consent forms within ten days of this order so that this court has jurisdiction to adjudicate this case.

At the settlement conference, Plaintiff was also ordered to file an application to appoint a guardian ad litem and a petition for minor's compromise by March 21, 2008.  On March 25, 2008,

1

Plaintiff filed an application to appoint Susan Weiss as the guardian ad litem for the minor. After reviewing the application, the court finds that appointment of a guardian ad litem is necessary. The court further finds that Susan Weiss, the mother of the minor, shall be appointed as the minor's guardian ad litem.

On March 25, 2008, Plaintiff also filed a "Motion for Approval of the Proposed Settlement Amount." This court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) The approval of a proposed settlement shall be filed and calendared pursuant to L.R. 78-230. Such application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise ...[1]
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed, whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted directly or indirectly, whether the attorney stands in any relationship to said party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in

1  accordance with applicable state law.  California law requires *court approval* of the fairness and
2  terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal*
3  *Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-
4  42 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be
5  approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and
6  court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, §
7  3601.

8  In this case, Plaintiff's attorney, William Simpich, is requesting that he be awarded 25% of
9  the $20,000 settlement amount for attorney fees.  However, Mr. Simpich, has not submitted any
10 other information related to the services he has provided to the plaintiff that would enable the court
11 to determine whether this is an appropriate amount of attorney fees in this case.  Moreover,
12 Plaintiff's attorney has not complied with the Local Rule 17-202 (c) which requires a disclosure of
13 the terms under which the attorney was employed, whether the attorney became involved in the
14 application at the instance of the party against whom the causes of action are asserted directly or
15 indirectly, and whether the attorney stands in any relationship to said party.  As such, the attorney
16 needs to provide an amended petition for minor's compromise which includes the Local Rule 17-202
17 (c) requirements, as well as a declaration outlining the basis of the fees, a summary of the services
18 provided in this case, with an itemization of what, if any, costs are being sought to charged against
19 the minor's settlement amount.  The court will determine whether further hearing on the petition is
20 needed once amended petition is received.

21 Accordingly, IT IS HEREBY ORDERED that :

22 1.  Plaintiff's application to appoint Susan Weiss as guardian ad litem is GRANTED.
23 Accordingly, Susan Weiss is hereby appointed as guardian ad litem for minor plaintiff Alison
24 Johnson;

25 2.   The minor's attorney shall submit an amended application for minor's compromise in
26 accordance with requirements of Local Rule 17-202(b)(2) and (c) **within ten days of this order**. The
27 petition shall include a disclosure of the terms under which the attorney was employed, whether the
28 attorney became involved in the application at the instance of the party against whom the causes of

action are asserted directly or indirectly, and whether the attorney stands in any relationship to said party.  In addition, the petition shall include a declaration outlining the basis of the fees, a summary of the services provided in this case, with an itemization of what, if any, costs are being sought to charged against the minor's settlement amount; and

     3. Plaintiff's attorney shall file the appropriate forms consenting to Magistrate Judge jurisdiction **within ten days** of this order.

**IT IS SO ORDERED**.

Date: April 3, 2008                                       <u>Gary S. Austin</u>
                                                                     The Honorable Gary S. Austin
                                                                     United States Magistrate Judge