IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY RED and SUSAN WEISS on behalf of her minor child ALISON JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>MERCED COUNTY, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:06-cv-1003 GSA<br><br>ORDER GRANTING AMENDED PETITION FOR MINOR'S COMPROMISE<br><br>ORDER TO ADMINISTRATIVELY CLOSE THE CASE<br><br>(Doc. 26 & 27) |

**INTRODUCTION**

  This 42 U.S.C. § 1983 action, alleged a deprivation of minor plaintiff Alison Johnson's ("Alison's")[1] constitutional and statutory rights. The complaint was filed by Alison and her guardian ad litem Susan Weiss ("Petitioner") and Peggy Red, Alison's maternal grandmother, (collectively

---

[1] Alison's date of birth is July 1, 1993.

1

1  "plaintiffs").  Plaintiffs seek this court's approval of a $20,000.00 compromise settlement for Alison
2  for her claims against defendants : 1) Merced County, 2) Detective Johnny Mathis, Merced County
3  Sheriff's Deputy Officer, and 3) Detective Tighe, Merced County Sheriff's Deputy Officer.  On March
4  3, 2008, this court conducted a settlement conference and the case settled.  At the settlement conference,
5  Plaintiffs were ordered to file a petition for minor's compromise ("petition") by March 21, 2008.  On
6  March 25, 2008, Plaintiffs filed a petition.  On April 4, 2008, the court requested additional information
7  and ordered that Plaintiffs file an amended petition.  The Plaintiffs filed an amended petition for minor's
8  compromise on April 14, 2008.  Doc. 26 & 27.  The parties have consented to magistrate judge
9  jurisdiction.  Upon reviewing the application and the attachments thereto, it is hereby ORDERED that
10 the Amended Petition be GRANTED.

**BACKGROUND**

12     Among other allegations, the complaint alleges that Mrs. Red was taking care of Alison on the
13 date of the incident.  Mrs. Red's son, Duval Johnson (Alisons' uncle), was wanted for questioning in
14 a case that involved alleged domestic abuse and the growing of marijuana.  Mrs. Red and Alison went
15 to  meet with Duval Johnson at a neighbor's residence, so that Duval Johnson could obtain some legal
16 documents in order to protect his rights.

17     The Merced County Sheriffs' Department arrived at the neighbor's home during Peggy and
18 Alisons's visit.  Alison and the other visitors were ordered out of the house at gunpoint.  Alison emerged
19 after Duval Johnson surrendered himself to the deputies.  As Alison walked out of the premises, she had
20 guns pointed at her.  This incident causes emotional distress.  The distress was temporary and is
21 resolved.

22     The claims to be compromised include: (1) False Arrest and Imprisonment; (2) Assault and
23 Battery; (3) Negligence; (4) a violation of § 52.1 of the California Civil Code; (5) a violation of
24 California Civil Code § 51.7.[2]  Plaintiffs sought the following relief: 1) general, special, and punitive
25 damages; 2) injunctive relief to halt the custom and/or policy of pointing guns at citizens taken into
26 detention without cause; and 3) costs and attorneys' fees.

---

28  [2] Although not alleged as a cause of action, Plaintiffs allege that Defendants' actions are a violation of 42 USC § 1983.  See, Complaint at pg. 2 line 28. Doc. 1.

The parties pursued settlement discussions and have reached a mutually agreeable settlement which includes payments by defendants of $20,000.000 to Alison. Petitioner, William Simpich, Esq., requests approval of attorneys fees in the amount of $5,000 to be paid from Alisons's settlement proceeds. The net proceeds to Alison will be $15,000.00.

## **DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .
>
> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-42 (emphasis in original). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be

3

paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601. A leading California practice guide observes:

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]
>
> Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-14.

The Petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise. The $20,000.00 portion for Alison is reasonable based on Mr. Simpich's analysis; the conduct to which she was subjected; the responsibility for the incidents; the nature and extent of injuries; and the benefit and relief resulting from a resolution of this matter. Mr. Simpich requests that $5,000, or twenty-five percent (25%) of the settlement amount, be used to pay attorney's fees. This amount is reasonable based upon the a review of the services Mr. Simpich performed in this case.

Good cause has been shown for the requested $5,000.00 attorneys' fees. Alison's $15,000.00 share should appropriately be deposited in a federally insured blocked account and not withdrawn without a court order or until Alison reaches the age of majority.

## **CONCLUSION**

For the reasons discussed above, this Court ORDERS the following :

1. GRANT the Petition for Approval of Minor's Compromise;
2. Alison's $15,000.00 share shall be deposited into a federally insured blocked account and not withdrawn without a court order or until Alison reaches the age of majority;
3. PERMIT $5,000.00 attorney's fees for counsel, William Simpich; and
4. The Clerk of the Court shall administratively close this case.

IT IS SO ORDERED.

**Dated:** **April 21, 2008**                              **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE